UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                              **DECISION AND ORDER**
v.                                                     25-CR-163-A

JAMES ASHLEY,

                         Defendant.

---

      The Court referred (Dkt. No. 33) this case to Magistrate Judge Michael J. Roemer to take Defendant James Ashley's plea of guilty, to conduct an allocution pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and to make a recommendation to this Court whether a plea of guilty should be accepted.  On February 5, 2026, Defendant appeared before Magistrate Judge Roemer and waived his right to indictment (Dkt. No. 30) and entered a plea of guilty to a one-count information (Dkt. No. 31) charging him with conspiracy to possess with intent to distribute, and to distribute, 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), pursuant to a written plea agreement (Dkt. No. 32).

      Magistrate Judge Roemer issued a Report and Recommendation ("R&R") (Dkt. No. 35) confirming his oral findings that Defendant's plea of guilty was knowing, voluntary, and supported by a factual basis.  No timely objections to the R&R have been filed.

      Upon review of the waiver of indictment, the information, the plea agreement, the plea transcript (Dkt. No. 39), and the R&R, the Court finds one legal error with respect to Rule 11.

During the plea allocution, when informing Defendant of the trial rights he would be foregoing by entering a plea of guilty, Magistrate Judge Roemer omitted the "right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding," as provided in Rule 11(b)(1)(D).  *See* Dkt. No. 39, pp. 13-15.  At no other point during the plea allocution was the right-to-counsel addressed.

The Court notes that all the other requirements of Rule 11 were carefully followed.  The Magistrate Judge informed Defendant, who was placed under oath and addressed personally in open court, of Defendant's rights and the trial rights he was waiving—aside from the one omission noted above—should the Court accept his plea of guilty, the nature of the charge to which he was pleading guilty, and any maximum possible penalty, among the other requirements of Rule 11.  The Magistrate Judge determined that Defendant understood the foregoing.

Accordingly, it is hereby **ORDERED** that the acceptance of Defendant's plea of guilty is deferred.  On the date of sentencing, the Court will first reopen Defendant's plea allocution to inform him of his right to counsel as required by Rule 11(b)(1)(D).  The Court will place Defendant under oath and affirm that Defendant understands this right and waives it and still wants the Court to accept his guilty plea.  *See*, *e.g.*, *United States v. Washington*, 18-CR-194, 2018 U.S. Dist. LEXIS 209931, *2-3 (W.D.N.Y. Dec. 12, 2018).[1]

---

[1] The Court also notes that while Magistrate Judge Roemer had Defendant confirm that his signature was on the last page of the plea agreement (*see* Dkt. No. 39, p. 16), he did not do the same with respect to the AUSA or defense counsel.  The attorneys should be prepared to confirm their signatures on the plea agreement when the Court reopens the plea allocution on the date of sentencing.

**Sentencing is scheduled for July 8, 2026, at 12:00 p.m.** The parties are directed to the Court's forthcoming Text Order for the submission of sentencing documents.

**IT IS SO ORDERED.**

 ___*s/Richard J. Arcara*_____
 HONORABLE RICHARD J. ARCARA
 UNITED STATES DISTRICT COURT

Dated:  March 2, 2026
 Buffalo, New York